(Reap. Dec. 9268)

ROSS PRODUCTS, INC. *v.* UNITED STATES

Entry No. 948606, etc.

(Decided December 15, 1958)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: Counsel have stipulated and agreed in these cases as follows:

IT IS STIPULATED AND AGREED by and between the respective parties hereto, subject to the approval of the Court, that the export value of the merchandise at the time of exportation to the United States covered by the Appeals to Reappraisement enumerated on the schedule attached hereto and made a part hereof at which time such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for export to the United States including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the entered unit values and that the issues involved are similar in all material respects to the issues involved in *Ross Products Inc. v. United States*, Reappraisement Decision 9225.

IT IS FURTHER STIPULATED AND AGREED that the foreign market value was no higher for merchandise such or similar to the merchandise herein at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the Appeals to Reappraisement enumerated on the schedule attached hereto and made a part hereof may be submitted on this stipulation.

Upon the agreed facts, I find that foreign value, as that value is defined in section 402 (c), as amended, of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such value, with respect to the merchandise covered by the appeals for reappraisement enumerated in schedule "A," attached to and made a part of this decision, is the entered unit values.

Judgment will issue accordingly.